[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14808
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00098-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY D. BUTLER,
a.k.a. Rodney Davenport,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 23, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rodney Butler appeals his sentence of 300 months of imprisonment for

conspiring to distribute and possess with intent to distribute five kilograms or more

of a substance containing cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 846; conspiring to use a telephone facility, *id.* §§ 843(b), 846; and conspiring to launder money, 18 U.S.C. § 1956(a)(1)(A)(i), (h). Butler challenges the enhancements of his sentence for being a leader or organizer of the conspiracy, United States Sentencing Guidelines Manual § 3B1.1(a) (Nov. 2014), and engaging in a pattern of criminal conduct for his livelihood, *id.* § 2D1.1(b)(15)(E). We affirm.

The district court did not clearly err by enhancing Butler's offense level for being a leader or organizer. A defendant is subject to a four-level increase of his base offense level if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *Id.* § 3B1.1(a). Butler stipulated that he distributed large quantities of cocaine to Texas, Louisiana, and Florida using six individuals whom he referred to as "his couriers," and he conceded during sentencing that he exercised control over two of those couriers. *See id.* cmt. n.3 ("[T]he defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."). Butler also admitted, by failing to object to the facts in his presentence investigation report, *see United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006), that he set the price for the cocaine he dispensed, he obtained a larger share of the drug proceeds, and he instructed his couriers where to conduct drug transactions and how to process the cocaine to increase profits. *See* U.S.S.G. § 3B1.1 cmt. n.4. Butler argues that he had to direct

2

or lead five or more participants, but section 3B1.1(a) requires that a defendant's offense "*involve*[] five or more participants," *id.* § 3B1.1(a) (emphasis added), not that he control all those participants. *See United States v. Hall*, 704 F.3d 1317, 1321 (11th Cir. 2013) ("[W]e apply traditional statutory construction rules to interpret . . . a sentencing guideline enhancement" and "give[] the language its 'ordinary or natural meaning.'"). Butler, who his couriers called "Captain," qualified as an organizer or leader of the conspiracy.

The district court also did not clearly err by increasing Butler's offense level for supporting himself with the proceeds derived from his illegal drug activities. Defendants who are leaders or organizers of a criminal activity face a two-level enhancement if they "commit[] [their] offense as part of a pattern of criminal conduct engaged in as a livelihood." *Id.* § 2D1.1(b)(15)(E). Criminal conduct is "engaged in as a livelihood" when the defendant derives income exceeding 2,000 times the federal minimum wage over a 12-month period and, during that time, the unlawful activity is his primary occupation. *Id.* § 4B1.3 cmt. n.2. Butler does not dispute that he received payments that grossly exceeded the applicable federal minimum wage of $7.25, *see* 29 U.S.C. § 206. Although Butler owned a trucking company, he did not file articles of incorporation until September 2013, more than a year after the conspiracy commenced in January 2012. Between September 2013 and November 2014, Butler deposited more than $200,000 into his corporate bank

3

account, yet he received only $15,315 in checks made payable to his trucking company. The district court was entitled to find that Butler's drug activities constituted his primary occupation.

We **AFFIRM** Butler's sentence.